1   Neil Ison, State Bar Number 112881
2   21285 Saratoga Hills Road
3   Saratoga, CA 95070
4   T 408-848-2490
5   F 408-867-1300
6   Attorney for Plaintiff

7              **SUPERIOR COURT OF CALIFORNIA**
8                 **COUNTY OF SANTA CRUZ**

| | |
|---|---|
| 9   Flora Ng, | Case No._____ |
| 10       Plaintiff, | Complaint for Damages, To Set Aside |
| 11       v. | Trustee's Sales, Declaratory Relief, |
| 12  Sterling Pacific Lending, Inc., | Temporary Restraining Order, |
| 13  d.b.a. Sterling Pacific Financial, | Preliminary Injunction, Permanent |
| 14  Yosemite Management Group, | Injunction, Quiet Title, Forcible Entry, |
| 15  Generation Leasing, LLC, | Conversion, Common Counts, |
| 16  WT Capital Lender Services, | Intentional Interference With Economic |
| 17  First American Title, Trustee, | Relations, Negligent Interference With |
| 18  Joshua Fischer, Charles R. Fischer, | Economic Relations |
| 19  Christina Fischer, Gerald Fischer, | |
| 20  Trustee, Thomas R. Fischer, Steven | |
| 21  E. Fischer, Lloyd Fischer, Marie | |
| 22  Locatelli, Gaspare Orlando, Benita | |
| 23  Gaspare, Carol Lee, Trustee, all | |
| 24  persons unknown, claiming any | |
| 25  legal or equitable rights adverse | |
| 26  to Plaintiff in the Properties, | |
| 27  and Does 1 – 100, | |
| 28       Defendants. | |

1

1. Plaintiff Flora Ng (Ng) is an individual and a resident of Santa Clara County, CA.

2. The real properties that are in part the subject matter of this litigation are located at 755 Marina Boulevard (Marina) San Francisco, CA, 1769 Lombard (Lombard), San Francisco, CA, 2741-2743 Hyde Street (Hyde), CA, and 1285 Hecker Pass Road (Hecker Pass), Watsonville, CA (collectively Properties).

3. Ng is and was the lawful owner, in whole or in part, of all of the Properties.

4. Defendant Sterling Pacific Lending, Inc., d.b.a. Sterling Pacific Financial (Sterling Pacific), is a business organization, form unknown, which, on information and belief, does business in Santa Cruz County, CA, as a licensed mortgage loan broker, a servicing agent, and a primary lender.

5. Defendant Yosemite Management Group (Yosemite) is a business organization, form unknown, which does business in Santa Cruz County, CA.

6. Defendant WT Capital Lender Services (WT) is a business organization, form unknown, which does business in Santa Cruz County, CA, as a foreclosing agent. On information and belief, WT was the foreclosing trustee as the agent for defendant First American Title (First American), a business organization, form unknown, which does business in Santa Cruz County, CA, or First American was the foreclosing trustee. WT and First American will be referred to as WT.

7. Defendant Generation Leasing, LLC (Generation) is a business organization, form unknown, which does business in Santa Cruz County, CA.

8. Defendant Joshua Fischer (Joshua) is an individual and a resident of Santa Cruz County, CA. Joshua is a principle of Sterling Pacific, but, on information and belief, was not a real estate licensee until the end of 2007.

9. Defendant Charles R. Fischer (Charles) is an individual and a resident of Santa Cruz County, CA. Charles is a principle and the licensee of Sterling Pacific as a licensed real estate broker.

10. On information and belief, defendant Christina Fischer is an individual and a resident of Santa Cruz County, CA.

1   11.   Defendant Gerald Fischer is an individual and, on information and belief, is the
2   trustee of a trust whose form and beneficiaries are unknown.
3   12.   Defendant Thomas R. Fischer is an individual.
4   13.   Defendant Steven E. Fischer is an individual.
5   14.   Defendant Lloyd Fischer is an individual.
6   15.   Defendant Marie Locatelli is an individual.
7   16.   Defendant Gaspare Orlando is an individual.
8   17.   Defendant Benita Gaspare is an individual.
9   18.   Defendant Carole Lee is an individual and, on information and belief, is the
10  trustee of a trust whose form and beneficiaries are unknown.
11  19.   Ng does not know the true names and capacities of Does 1 – 100 but alleges that
12  each such Doe was responsible in some manner for the damages sustained by Ng.
13  20.   Ng does not know the true names and capacities of all persons unknown, claiming
14  any legal or equitable rights adverse to Ng in the Properties.
15  21.   The contracts which are in part the subject matter of this litigation were executed
16  and were to be performed in Santa Cruz County, CA.
17  22.   The torts and other civil wrongs that are in part the subject matter of this litigation
18  were committed in Santa Cruz County, CA.
19  23.   On information and belief, all defendants acted as the agents and principles of
20  each other in doing the acts alleges except that WT acted only as the agent for the other
21  defendants and as the trustee for the deeds of trust in conducting the foreclosure sales.
22  24.   On information and belief, there is a unity of interest between all beneficiaries
23  (Beneficiaries) to their respective promissory notes and deeds of trust.
24  25.   At all times, and as a result of the facts and allegation contained in this complaint,
25  Ng was and is entitled to be and remain the owner and the possessor of the Properties,
26  entitling Ng to a lis pendens on the Properties.
27  26.   On information and belief, in December of 2005, Ng borrowed certain sums of
28  money from the Beneficiaries and defendants described below, executed promissory

1  notes which contain attorney fees clauses, and executed deeds of trust securing the loans
2  with the Properties. All such defendants will be referred to collectively as the
3  Beneficiaries.
4      A.    As to the foreclosed deed of trust on Marina, the Beneficiaries were
5  Joshua Fischer, Charles R. Fischer, Christina Fischer, Gerald Fischer, Trustee, Thomas R.
6  Fischer, Steven E. Fischer, Lloyd Fischer, Marie Locatelli, Gaspare Orlando, Benita
7  Gaspare, and Carol Lee, Trustee.
8      B.    As to the foreclosed deed of trust on Lombard, the Beneficiaries were
9  Joshua Fischer, Charles R. Fischer, Christina Fischer, Gerald Fischer, Trustee, Thomas R.
10 Fischer, Steven E. Fischer, Lloyd Fischer, Marie Locatelli, Gaspare Orlando, Benita
11 Gaspare, and Carol Lee, Trustee.
12     C.    As to the foreclosed deed of trust on Hyde, the Beneficiaries were Joshua
13 Fischer, Charles R. Fischer, Christina Fischer, Gerald Fischer, Trustee, Thomas R.
14 Fischer, Steven E. Fischer, Lloyd Fischer, Marie Locatelli, Gaspare Orlando, Benita
15 Gaspare, and Carol Lee, Trustee.
16     D.    As to the foreclosed deed of trust on Hecker Pass, the Beneficiary was
17 Generation.
18 27.    In 2007, Ng defaulted on the loans and the Beneficiaries initiated non-judicial
19 foreclosure proceeding through its agent, WT.
20 28.    In September of 2007, Ng entered into an agreement with Armando Saldana
21 (Saldana), on information and belief, a licensed real estate broker, insurance broker, and
22 private investigator, to assist Ng in curing the defaults and otherwise advising and
23 counseling Ng concerning how to preserve the equities in Ng's Properties, including but
24 not limited to finding or referring buyers, refinancers, lessees, or others who could assist
25 Ng. Ng agreed to pay Saldana for his services from the equities in the Properties, either
26 following refinancing, sales, or leases of the Properties. To secure payment for his
27 services, Ng agreed to grant deed to Saldana an interest in the Properties.
28 29.    Foreclosure sales of the Properties were set for February 19, 2008, by the

1  Beneficiaries.
2  30.    On information and belief, on or about February 15, 2008, Saldana filed in good
3  faith for Chapter 13 bankruptcy in the Northern District of California, Case Number 08-
4  50672-RLE13, and an order for relief and an automatic stay were granted by the Clerk of
5  the Bankruptcy Court for the Northern District of California.  This automatic stay applied
6  to the foreclosure sales set for February 19, 2008.  Ng is a potential creditor of the estate
7  in the Chapter 13 bankruptcy by virtue of the fact that Saldana was hired for and held
8  himself out as an expert in advising Ng on how to preserve the equity in her Properties.
9  31.    On information and belief, on February 19, 2008, and before any foreclosure sale,
10 all Beneficiaries and defendants, either directly or through their agents and principles, in
11 general, and WT in particular were provided with actual notice of the bankruptcy filing
12 and a demand not to violate the automatic stay was communicated to all Beneficiaries
13 and defendants, as described above, both orally by facsimile.
14 32.    Despite the order for relief and the automatic stay and actual notice to all
15 Beneficiaries and defendants in general and WT in particular, WT unlawfully, willfully,
16 and with malice, proceeded to conduct the foreclosure sales, all under the instructions
17 from the Beneficiaries and defendants.  This conduct constituted a criminal contempt of
18 court.
19 33.    On information and belief, Yosemite was the successful bidder at all of the
20 foreclosure sales and was provided with trustee's deeds to all of the Properties.  On
21 information and belief, Yosemite submitted credit bids for the full amounts due on the
22 Properties at the foreclosure sales.  The sales prices of the Properties were grossly and
23 inequitably disproportionate to the true fair market values of the Properties.
24 34.    Following the foreclosure sales, the Beneficiaries and defendants in general and
25 Joshua and Charles in particular were given actual notice by Ng through her attorney by
26 facsimile and email that the foreclosure sales were unlawful and in violation of the
27 automatic stay.  Demand was made that the trustee's deeds be rescinded.  Despite actual
28 notice and the demand, the Beneficiaries and defendants refused and continue to refuse to

1 rescind the trustee's deeds.

2 35. As a legal cause of defendants' actions, Ng has been damaged in a sum according
3 to proof equal to the equities in the Properties, in a sum of no less than $7,000,000.

4 36. As a legal cause of defendants' actions, Ng has suffered great emotional distress,
5 entitling Ng to emotional distress damages in a sum according to proof but no less than
6 $1,000,000.

7 37. Defendants' actions in unlawfully foreclosing on the Properties were fraudulent
8 and despicable, in that it is a violation of the criminal law to violate an order of the
9 bankruptcy court and to violate the automatic stay, entitling Ng to punitive or exemplary
10 damages in a sum according to proof.

11 **First Cause of Action – Setting Aside the Unlawful Foreclosures – All Defendants**

12 38. Paragraphs 1 to 37 are incorporated.

13 39. The foreclosures of the Properties constituted unlawful and tortious conduct
14 without right or claim of right and a contempt of court by violation of the automatic stay
15 in bankruptcy.

16 40. The refusal after notice to rescind the trustee's deeds for the Properties constituted
17 unlawful and tortious conduct without right or claim of right and a contempt of court by
18 violation of the automatic stay in bankruptcy.

19 **Second Cause of Action – Declaratory Relief – All Defendants Except WT**

20 41. Paragraphs 1 to 40 are incorporated.

21 42. An actual controversy has arisen and now exists between the parties concerning
22 their respective rights and duties concerning the lawfulness of the foreclosures of the
23 Properties. Ng claims that the foreclosures and later refusal to rescind the trustee's deeds
24 were unlawful and defendants claim that the foreclosures and refusal to rescind the
25 trustee's deeds were lawful.

26 43. A judicial declaration of the rights of the parties is necessary and appropriate at
27 this time under the circumstances in order that the parties may ascertain their rights and
28 duties under the notes, deeds of trusts, and foreclosures.

**Third Cause of Action – Injunctive Relief – All Defendants Except WT**

44.  Paragraphs 1 to 43 are incorporated.

45.  On information and belief, defendants refuse to rescind the trustee's deed and defendants threaten to profits from, occupy, possess, grant licenses, grant easements, lease, gift, transfer, sell, trade, refinance, lien, and encumber the Properties, all to Ng's irreparable injury for which pecuniary compensation would not afford adequate relief, in that each of the Properties is unique.

46.  Ng requests that a temporary restraining order be issued by this court restraining Yosemite and all of its agents and principles from refusing to rescind the trustee's deeds and profiting from, occupying, possessing, granting licenses, granting easements, leasing, gifting, transferring, selling, trading, refinancing, liening, or encumbering the Properties until there is a hearing to determine whether a preliminary injunction should be issued and Ng requests a preliminary injunction be issued during the pendency of this litigation enjoining Yosemite and its agents and principles from refusing to rescind the trustee's deeds and acting in any way that is consistent with its ownership or lawful possession of the Properties and preventing Yosemite and its agents and principles from acting in any way to prevent Ng from acting in any way that is consistent with Ng's ownership or lawful possession of the Properties and Ng requests a permanent injunction be issued ordering defendants to rescind the trustee's deeds.

47.  Ng has no adequate remedy at law.

48.  Unless injunctive relief is granted, Ng will suffer irreparable injury.

**Fourth Cause of Action – Quite Title – All Defendants Except WT**

49.  Paragraphs 1 to 48 are incorporated.

50.  At all times, Ng is the rightful owner of the Properties through purchase of the Properties from third parties.

51.  The basis of Ng's title and ownership is based upon the purchase of the Properties by Ng.

52.  Yosemite claims ownership of the Properties pursuant to the foreclosure sales.

53. Ng is seeking to quiet title against all claims by Yosemite as of February 19, 2008.

**Fifth Cause of Action – Forcible Entry – All Defendants Except WT**

54. Paragraphs 1 to 5, 7 to 19, and 22 to 25 are incorporated.

55. Ng is, and at all times was, the owner and possessor and on February 26, 2008, was in the actual and peaceful possession individually and through her agent and employee of the premises described above as Hecker Pass.

56. The premises consisted of a residential and commercial use of a restaurant, bar, and nightclub.

57. On February 26, 2008, defendants without Ng's permission or consent forcibly entered and took possession of the premises by forcibly entering into the premises and ordering Ng's agent and employee to vacate the premises, and thereafter by changing the locks on the exterior and interior doors, putting boards over the windows of the residence, and otherwise threatening to unlawfully invoke the police power to stop Ng from re-entering the premises.

58. Defendants' entry into the premises, changing the locks, and threatening to unlawfully invoke the police power to stop Ng from re-entering the premises was willful, intentional, deliberate, and obstinate, and despicable within the meaning of the Civil Code, and the acts were done with malice, fraud, and oppression, in that defendants' principles and agents were a licensed real estate broker or a licensed real estate agent and knew the unlawfulness of the conduct, entitling Ng to punitive and exemplary damages according to proof.

59. As a legal result of defendants' actions, Ng has been damaged in a sum according to proof.

**Sixth Cause of Action – Conversion – All Defendants Except WT**

60. Paragraphs 1 to 5, 7 to 19, 22 to 25, and 54 to 59 are incorporated.

61. At all times, and on February 26, 2008, Ng is and was the owner of the personal property consisting of all supplies, fixtures, beverages, furniture, tools, goods,

decorations, and other things located at Hecker Pass.

62. On or about February 26, 2008, defendants took the personal property described above from Ng's possession and converted it to defendants' own use by seizing the real property known as Hecker Pass by changing the locks on the exterior and interior doors, all of which constitutes a conversion of the personal property.

63. On February 26, 2008, the value of the personal property was $300,000.

64. Defendants' conversion of the personal property was willful, intentional, deliberate, and obstinate, and despicable within the meaning of the Civil Code, and the acts were done with malice, fraud, and oppression, in that defendants' principles and agents were a licensed real estate broker or a licensed real estate agent and knew the unlawfulness of the conduct, entitling Ng to punitive and exemplary damages according to proof.

65. As a legal result of defendants' actions, Ng has been damaged in a sum according to proof.

**Seventh Cause of Action – Common Counts – All Defendants Except WT**

66. Paragraphs 1 to 5, 7 to 19, 22 to 25, and 54 to 65 are incorporated.

67. Within the past two years, and on February 26, 2008, defendants came into possession by conversion of Ng's personal property located at Hecker Pass.

68. By this action, Ng gives notice of Ng's election to waive the tort and sue in assumpsit and deem the conversion to be a sale of the personal property, at a cost of $300,000.

69. As a legal result of defendants' actions, Ng has been damaged in a sum according to proof.

**Eighth Cause of Action – Conversion – All Defendants Except WT**

70. Paragraphs 1 to 5, 7 to 19, 22 to 25, and 54 to 59 are incorporated.

71. At all times, and on February 26, 2008, Ng is and was the owner of the personal property consisting of a desk top computer, including valuable work product, data, and information on the hard drive, certain legal and business files, a 6 in 1 device, a keyboard,

1  a mouse, a flat screen television, and a space heater.

2  72.  On or about February 26, 2008, defendants took the personal property described
3  above from Ng's possession and converted it to defendants' own use by removing the
4  personal property from the premises.

5  73.  On February 26, 2008, the value of the personal property was $50,000.

6  74.  Defendants' conversion of the personal property was willful, intentional,
7  deliberate, and obstinate, and despicable within the meaning of the Civil Code, and the
8  acts were done with malice, fraud, and oppression, in that defendants' principles and
9  agents were a licensed real estate broker or a licensed real estate agent and knew the
10 unlawfulness of the conduct, entitling Ng to punitive and exemplary damages according
11 to proof.

12 75.  As a legal result of defendants' actions, Ng has been damaged in a sum according
13 to proof.

14 **Ninth Cause of Action – Conversion – All Defendants Except WT**

15 76.  Paragraphs 1 to 40 are incorporated.

16 77.  At all times, Ng is and was the owner of the personal property consisting of all an
17 antique Chinese bowl.

18 78.  In or about January of 2008, Ng gave possession of the bowl to defendants solely
19 as a possessory interest as a good faith gesture pending negotiations for resolution or
20 continuances of the foreclosures on the Properties.  The bowl was not additional security
21 nor was it payment for any particular postponement.  The parties agreed that the bowl
22 would be returned upon resolution of the foreclosures.

23 79.  On or about February 20, 2008, after the foreclosures of the Properties, Ng
24 demanded in writing that the bowl be returned but defendants refused and continue to
25 refuse to return the bowl and this constitutes a conversion of the bowl to defendants' own
26 use.

27 80.  On February 20, 2008, the value of the personal property was $1,000,000.

28 81.  Defendants' conversion of the personal property was willful, intentional,

10

1  deliberate, and obstinate, and despicable within the meaning of the Civil Code, and the
2  acts were done with malice, fraud, and oppression, in that defendants' principles and
3  agents were a licensed real estate broker or a licensed real estate agent and knew the
4  unlawfulness of the conduct, entitling Ng to punitive and exemplary damages according
5  to proof.
6  82.   As a legal result of defendants' actions, Ng has been damaged in a sum according
7  to proof.
8  **Tenth Cause of Action – Common Counts – All Defendants Except WT**
9  83.   Paragraphs 1 to 40 and 76 to 82 are incorporated.
10 84.   Within the past two years, and on February 20, 2008, defendants unlawfully
11 retained possession by conversion of Ng's bowl.
12 85.   By this action, Ng gives notice of Ng's election to waive the tort and sue in
13 assumpsit and deem the conversion to be a sale of the personal property, at a cost of
14 $1,000,000.
15 86.   As a legal result of defendants' actions, Ng has been damaged in a sum according
16 to proof.
17 **Eleventh Cause of Action – Intentional Interference With Economic Relations – All**
18 **Defendants Except WT**
19 87.   Paragraphs 1 to 53 are incorporated.
20 88.   At all times, Ng and the following persons had the following existing written
21 contracts and economic relations.
22        A.   Washington Mutual as the holder of a note and first deed of trust on
23 Marina.
24        B.   Aurora Home Loans as the holder of a note and first deed of trust on
25 Hyde.
26        C.   Tenants occupying Hyde and Lombard.
27 89.   At all times, there existed a willingness on the part of those lenders to negotiate
28 terms for a forbearance agreement or a renegotiation and recomposition of the notes and

1  deeds of trust on those properties to delay or terminate foreclosures by those lenders.

2  90.    At all times, the tenants were willing to continue to occupy the Hyde and
3  Lombard and to continue to pay rent and perform other services.

4  91.    At all times, Ng and the following person had the following existing economic
5  relation.

6      A.    Simon Wong as to a loan of $1,000,000 to Ng to allow Ng to cure all
7  defaults on all of the Properties as to defendants' loans on the Properties.

8      B.    Bank of America as to a loan of $1,000,000 to Simon Wong to allow Ng
9  to cure all defaults on all of the Properties as to defendants' loans on the Properties.

10  92.   Defendants knew of the above described contracts and relations existing between
11  Ng and Washington Mutual, Aurora Home Loans, the tenants, Simon Wong, and Bank of
12  America because of defendants' position as the junior deeds of trust holders on those
13  properties and because of certain disclosures by Ng and her agents to defendants.

14  93.   The unlawful foreclosures in contempt of a court order for an automatic stay have
15  interfered and in the future will interfere with those contracts and relations and the
16  unlawful foreclosures were done by defendants with the intent to cause Ng to lose the
17  Properties and tenants even if and when and after the unlawful foreclosures found to be
18  unlawful and the trustee's deeds are rescinded.

19  94.   Defendants' actions in unlawfully foreclosing on the Properties and intentionally
20  interfering with Ng's economic relations were fraudulent and despicable, in that it is a
21  violation of the criminal law to violate an order of the bankruptcy court and to violate the
22  automatic stay, entitling Ng to punitive or exemplary damages in a sum according to
23  proof.

24  95.   As a legal result of defendants' actions, Ng has been damaged in a sum according
25  to proof.

26  **Twelfth Cause of Action – Negligent Interference With Economic Relations – All**
27  **Defendants Except WT**

28  96.   Paragraphs 1 to 53, 87 to 93, and 95 are incorporated.

97. It was reasonably foreseeable that defendants' unlawful foreclosures would interfere with Ng's contracts and relations and defendants negligently proceeded as described, legally causing Ng damages.

Wherefore, Ng prays for judgment as follows:

1. For general and special damages of $10,000,000;
2. For punitive damages in a sum according to proof;
3. For a declaration of the rights and duties of the parties that the foreclosures of the Properties were unlawful and that the trustee's deeds should be rescinded;
4. For an order requiring defendants to show cause why defendants should not be enjoined as set forth as follows: Ng requests that a temporary restraining order be issued by this court restraining Yosemite and all of its agents and principles from refusing to rescind the trustee's deeds and profiting from, occupying, possessing, granting licenses, granting easements, leasing, gifting, transferring, selling, trading, refinancing, liening, or encumbering the Properties until there is a hearing to determine whether a preliminary injunction should be issued and Ng requests a preliminary injunction be issued during the pendency of this litigation enjoining Yosemite and its agents and principles from refusing to rescind the trustee's deeds and acting in any way that is consistent with its ownership or lawful possession of the Properties and preventing Yosemite and its agents and principles from acting in any way to prevent Ng from acting in any way that is consistent with Ng's ownership or lawful possession of the Properties and Ng requests a permanent injunction be issued ordering defendants to rescind the trustee's deeds.
5. For a judgment that Ng is the owner in fee simple of the Properties and that Yosemite and the Beneficiaries have no interest in the Properties adverse to Ng except to the extent of the deeds of trust as of February 19, 2008;
6. For a permanent injunction ordering the rescission of the trustee's deeds;
7. For interest according to proof;
8. For attorney fees according to proof;

1  9.    For costs of suit; and

2  10.   For other relief the court deems just.

                    Respectfully Submitted,

                    _____

                    Neil Ison, State Bar 112881


Verification

I, Flora Ng, declare under penalty of perjury under the laws of the State of California that the following paragraphs are true and correct and within my personal knowledge except those matters stated on information and belief, and as to those matters, I have good cause to believe them to be true, and that this declaration was executed in Saratoga, CA, on March 2, 2008: Paragraphs: 1 to 26, 39, 40, 42, 43, 45 to 48, and 50 to 53.


_____

Flora Ng